UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUSTIN SURI, | : | |
| Plaintiff, | : | Case No. 3:20-cv-01694 |
| v. | : | |
| WOLTERS KLUWER ELM SOLUTIONS, INC. ELM SOLUTIONS, INC., JONAH PARANSKY, BARRY ADER, KAREN SEKLEY-D'ANDREA, and LISA WEREMEICHIK | : | March 22, 2021 |
| Defendants. | : | |

**DEFENDANT KAREN SEKLEY-D'ANDREA'S**
**ANSWER TO THE AMENDED COMPLAINT**

Defendant Karen Sekley-D'Andrea ("Defendant Sekley-D'Andrea"), by her counsel, Epstein Becker & Green, P.C., hereby answers the Amended Complaint of Plaintiff Dustin Suri ("Plaintiff"), as follows:

AS AND TO THE NATURE OF THE CASE

1.  States that paragraph 1 alleges legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2.  States that paragraph 2 alleges claims for relief and/or legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

AS AND TO THE PROCEDURAL HISTORY

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.  States that paragraph 8 alleges legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

9.  States that paragraph 9 alleges legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

10. States that paragraph 10 alleges legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

11. States that paragraph 11 alleges legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

12. Admits that Plaintiff filed a Charge with the Connecticut Commission on Human Rights and Opportunities Commission and the Equal Employment Opportunity Commission, but leaves Plaintiff to his proof as to whether those Charges were timely filed and whether they cover the claims and allegations herein.

13. Denies knowledge or information to form a belief as to the truth of the allegations of paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

### AS AND TO THE PARTIES

15. Admits on information and belief that Plaintiff resides in Illinois; admits that Plaintiff worked for Wolters Kluwer ELM Solutions, Inc., but denies the remaining allegations of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, except admits that Wolters Kluwer ELM Solutions, Inc. has offices in Hartford, Connecticut.

17. Admits on information and belief that Jonah Paransky is a resident of Texas, but denies the remaining allegations of paragraph 17.

18. Admits.

19. Admits, except states that internally Defendant Sekley-D'Andrea's title is Director, Marketing.

20. Admits, except states that internally Ms. Weremeichik's title is Associate Director, Product Marketing.

### AS AND TO BACKGROUND FACTS

21. Admits on information and belief.

22. Denies the allegations of paragraph 22, except denies knowledge or information sufficient to form a belief as to what medical or mental conditions Plaintiff may have been diagnosed with.

23. Denies the allegations of paragraph 23, except admits that Plaintiff was hired for the full-time position of Senior Product Marketing Manager.

24. Admits on information and belief.

25. Denies, except admits that during the course of Defendant Sekley-D'Andrea's employment, she learned that Plaintiff is gay.

26. Denies.

27. Denies.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, except admits that at some point during his employment, Plaintiff informed Defendant Sekley-D'Andrea that his father was ill.

29. Admits that Plaintiff interviewed for a position with Wolters Kluwer ELM Solutions, Inc. in February 2018, but denies the remaining allegations of paragraph 29.

30. Denies the allegations of paragraph 30, except admits that Wolters Kluwer ELM Solutions, Inc. offered Plaintiff a position as a Senior Product Marketing Manager.

31. Denies.

32. Denies.

33. Denies the allegations of paragraph 33, except admits that Plaintiff had one or two conversations with Plaintiff in which he indicated that he had certain caretaking responsibilities concerning his father.

34. Denies the allegations of paragraph 34, except admits that Plaintiff told Defendant Sekley-D'Andrea that he would like to work remotely two days a week.

35. Denies the allegations of paragraph 35, except admits that Defendant Sekley-D'Andrea advised Plaintiff that he could work remotely two days a week.

36. States that paragraph 36 is too vague for Defendant Sekley-D'Andrea to be able to form a reasonable response.  To the extent a response is required, the allegations are denied.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Denies the allegations of paragraph 38, except admits that Defendant Sekley-D'Andrea had a meeting with Earl Stoner concerning a Content Marketing Manager position of which Mr. Stoner never applied.

39. Admits on information and belief.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Denies.

47. Denies.

48. Denies.

49. Denies the allegations of paragraph 49, except admits that for business reasons, Mr. Ader wanted individuals in the Product Marketing group of which Plaintiff, Defendant Sekley-D'Andrea, and Ms. Weremeichik were a part, to work in the Hartford office more often.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. Denies the allegations of paragraph 51, except admits that some products were delayed.

52. Admits.

53. Admits that Plaintiff was told that he would begin reporting to Ms. Weremeichik, but denies the remaining allegations of paragraph 53.

54. Admits that Ms. Weremeichik asked Plaintiff to work on additional products, but denies the remaining allegations of paragraph 54.

55. Admits that Ms. Weremeichik asked Plaintiff to work on additional products, but denies the remaining allegations of paragraph 55.

56. Denies the allegations of paragraph 56, except admits that Plaintiff was asked to work on Passport, which is one of Wolters Kluwer ELM Solutions, Inc.'s' most important products.

57. Denies.

58. Denies.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. Denies the allegations of paragraph 60, except denies knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph 60.

61. Denies.

62. Denies.

63. Denies.

64. Denies.

65. Denies.

66. Denies.

67. Denies.

68. Denies the allegations of paragraph 68, but except denies knowledge or information sufficient to form a belief as to the allegation that Plaintiff hung up on Ms. Weremeichik.

69. Denies.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70, except admits that Plaintiff attempted to post for a different job internally at Wolters Kluwer ELM Solutions, Inc. in or about May 2018.

71. Denies the allegations of paragraph 71, except denies knowledge or information sufficient to form a belief as to the allegations of the first, second, and fourth sentences of paragraph 71.

72. Denies.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. Denies the allegations of paragraph 75, except admits that the first part of the performance review process is for employees to complete a self-evaluation.

76. Denies.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78. Denies.

79. Denies.

80. Denies.

81. Denies.

82. Denies.

83. Denies the allegations of paragraph 83, except admits that Plaintiff applied for FMLA leave on or about February 5, 2019.

84. Admits that Plaintiff worked through on or about February 26, 2019.

85. Denies the allegations of paragraph 85 to the extent that it alleges that Plaintiff's application for FMLA leave had anything to do with the timing of his annual review, but denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86.

87. Denies.

88. Admits that the annual review process determines, in part, whether and how much an employee receives for an annual bonus.

89. States that paragraph 89 is unintelligible and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

90. Denies the allegations of paragraph 90, except to the extent that Defendant Sekley-Dandrea understands "She" to refer to Ms. Weremeichik admits that Plaintiff was given an overall rating of 2 out of 5.

91. Denies.

92. Denies the allegations of paragraph 92, except admits that Plaintiff received a bonus of $6,500.

93. States that paragraph 93 is unintelligible and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

94. Denies.

95. Denies.

96. Denies the allegations of paragraph 96, except admits that Defendant Sekley-D'Andrea learned that Plaintiff had send an e-mail to Richard Flynn, Nancy McKinstry, and Maryjo Charbonnier, dated on or about May 8, 2019, complaining of discrimination after Plaintiff filed a charge with the Connecticut Commission on Human Rights & Opportunities at some point after the e-mail was sent.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99, except admits that Sonia Durante investigated the concerns raised in Suri's May 8, 2019 e-mail.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104.

105.    Denies.

106.        Denies.

107.        Denies.

108.        Denies.

109.        Denies.

110.        Denies.

111.        Denies.

112.        Denies.

113.        Denies knowledge or information sufficient to form a belief as to the allegations of

paragraph 113.

114.        Denies.

115.        Denies the allegations of paragraph 115, except denies knowledge or information

sufficient to form a belief as to the truth of the allegations that Plaintiff is ready, willing, and

able to work.

### AS AND TO THE FIRST CAUSE OF ACTION ALLEGING DISCRIMINATION UNDER TITLE VII AS TO WOLTERS KLUWER ELM SOLUTIONS, INC. ONLY

116.        Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-115

as if fully set forth herein.

117.        States that paragraph 117 recites a portion of a federal statute, that no response is

required, and that the federal statute speaks for itself, but denies any allegation or inference

of discriminatory or retaliatory conduct.

118.        Denies.

119.        Denies.

AS AND TO THE SECOND CAUSE OF ACTION FOR RETALIATION
UNDER TITLE VII AS TO WOLTERS KLUWER ELM SOLUTIONS, INC. ONLY

120.　　　Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-119

as if fully set forth herein.

121.　　　States that paragraph 121 recites a portion of a federal statute, that no response is

required, and that the federal statute speaks for itself, but denies any allegation or inference

of discriminatory or retaliatory conduct.

122.　　　Denies.

123.　　　Denies.

AS AND TO THE THIRD CAUSE OF ACTION ALLEGING DISCRIMINATION
UNDER THE ADA AS TO WOLTERS KLUWER ELM SOLUTIONS, INC. ONLY

124.　　　Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-123

as if fully set forth herein.

125.　　　Denies the allegations of paragraph 125, except admits that Plaintiff alleges claims

under the ADA.

126.　　　States that paragraph 126 recites a portion of a federal statute, that no response is

required, and that the federal statute speaks for itself, but denies any allegation or inference

of discriminatory or retaliatory conduct.

127.　　　Denies.

128.　　　Denies.

AS AND TO THE FOURTH CAUSE OF ACTION ALLEGING RETALIATION
UNDER THE ADA AS TO WOLTERS KLUWER ELM SOLUTIONS, INC. ONLY

129.　　　Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-128

as if fully set forth herein.

11

130.     States that paragraph 130 recites a portion of a federal statute, that no response is required, and that the federal statute speaks for itself, but denies any allegation or inference of discriminatory or retaliatory conduct.

131.     Denies.

AS AND TO THE FIFTH CAUSE OF ACTION ALLEGING RETALIATION
UNDER THE ADA AS TO WOLTERS KLUWER ELM SOLUTIONS, INC. ONLY

132.     Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-131 as if fully set forth herein.

133.     Denies the allegations of paragraph 133, except admits that Plaintiff took a leave under the FMLA.

134.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph.

135.     Denies.

136.     Denies.

AS AND TO THE SIXTH CAUSE OF ACTION ALLEGING DISCRIMINATION
UNDER CONN. GEN. STAT. §46a60(A)(1)
AS TO WOLTERS KLUWER ELM SOLUTIONS, INC. ONLY

137.     Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-136 as if fully set forth herein.

138.     Denies.

139.     Denies.

140.     Denies.

141.     Denies the allegations of paragraph 141, except admits that Plaintiff purports to seek damages.

12

AS AND TO THE SEVENTH CAUSE OF ACTION ALLEGING RETALIATION IN
VIOLATION OF CONN. GEN. STAT. §46a60(A)(1)
AS TO WOLTERS KLUWER ELM SOLUTIONS, INC. ONLY

142.     Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-141

as if fully set forth herein.

143.     Denies.

144.     Denies.

145.     Denies.

146.     Denies.

147.     Denies.

AS AND TO THE EIGHTH CAUSE OF ACTION ALLEGING INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS
AS TO THE INDIVIDUAL DEFENDANTS ONLY

148.     Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-147

as if fully set forth herein.

149.     Denies.

150.     Denies.

151.     Denies.

152.     Denies.

AS AND TO THE NINTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS AS TO THE INDIVIDUAL DEFENDANTS ONLY

153.     Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-152

as if fully set forth herein.

154.     Denies.

155.     Denies.

156.     Denies.

157.     Denies.

158.     Denies.

159.     Denies.

### AS AND TO THE TENTH CAUSE OF ACTION ALLEGING PRIMA FACIE TORT
### AS TO THE INDIVIDUAL DEFENDANTS ONLY

160.     Defendant Sekley-D'Andrea repeats and realleges her responses to paragraphs 1-159

as if fully set forth herein.

161.     Denies.

162.     Admits that Plaintiff purports to claim a trial by jury and leaves Plaintiff to his proof

to demonstrate that he is so entitled.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole, or in part, by the applicable statute of

limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies as to some or all of his

claims.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries alleged in the Complaint were caused, in whole, or in part, by the

Plaintiff's own conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

The employment decisions at issue were made for legitimate and nondiscriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted lawfully and in good faith without intent to deny Plaintiff any rights whatsoever, and without intent to discriminate or retaliate against Plaintiff on the basis of his sex, sexual orientation, disability, use of leave, or for any other unlawful reason.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Wolters Kluwer ELM Solutions, Inc. had a policy against unlawful discrimination and harassment in the workplace, which policy was well known to Plaintiff.  Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided for resolution of the alleged claims of discrimination or harassment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's employment with Wolters Kluwer ELM Solutions, Inc. was at-will, and all actions taken by Defendants within the context of this at-will employer/employee relationship were at all times based on legitimate business-related reasons, and were undertaken in good faith and without malice or ill will toward Plaintiff.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons.

<u>AS AND TO THE PRAYER FOR RELIEF</u>

Denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that his Amended Complaint be dismissed in its entirety.

**WHEREFORE**, Defendant Sekley-D'Andrea respectfully requests that judgment be entered against the Plaintiff, dismissing his Complaint, with prejudice, together with such other and further relief as this Court shall deem just and proper.

Respectfully Submitted,
**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendant
Karen Sekley-D'Andrea

By:  */s/ Elizabeth S. Torkelsen*
Elizabeth S. Torkelsen (ct15210)
Carol J. Faherty (ct25219)
One Landmark Square, Suite 1800
Stamford, Connecticut 06901
Telephone:  (203) 326-7417
Facsimile:   (203) 326-7580
Email: etorkelsen@ebglaw.com
          cfaherty@ebglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, a copy of the foregoing *Defendant Karen Sekley-D'Andrea's Answer to the Plaintiff's Amended Complaint* was filed electronically. Notice of this filing will be sent to all counsel and pro se parties of record, via electronic mail by operation of the Court's electronic filing system, or via electronic mail on those parties unable to accept electronic filing, including to:

Christopher J. Berlingieri, Esq.
Berlingieri Law, PLLC
244 Fifth Ave., Suite F276
New York, New York 10001
e-mail: cjb@nyctlaw.com

/s/ *Elizabeth S. Torkelsen*
Elizabeth S. Torkelsen