UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUSTIN SURI<br>*Plaintiff*<br><br>v.<br><br>WOLTERS KLUWER ELM<br>SOLUTIONS, INC.,<br>JONAH PARANSKY,<br>BARRY ADER,<br>KAREN SEKLEY D'ANDREA,<br>and LISA WEREMEICHIK<br>*Defendants* | :<br>:<br>:<br>:<br>:  Case No. 3:20-cv-1694 (OAW)<br>:<br>:<br>:<br>:<br>:  FEBRUARY 22, 2022<br>: |

### RULING ON DEFENDANT JONAH PARANSKY'S MOTION TO DISMISS

**I.    INTRODUCTION**

This employment action is brought by Plaintiff Dustin Suri against his former employer Wolters Kluwer ELM Solutions, Inc. ("WK"), and several employees of WK including Barry Ader, Lisa Weremeichik, Karen Sekley D'Andrea, and Jonah Paransky. Plaintiff alleges that he experienced workplace discrimination based on his sexual orientation and disability, as well as retaliation for exercising his rights under the Family Medical Leave Act ("FMLA"). Plaintiff seeks relief under Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), FMLA, and damages for tortious conduct under state law.

Defendant Paransky, a resident of Texas, has moved to dismiss the claims against him on the grounds that the court lacks personal jurisdiction over him. Alternatively, Defendant Paransky also seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The court finds that Plaintiff has failed to

1

state a claim upon which relief can be granted, and that it lacks personal jurisdiction over Defendant Paransky. Accordingly, the motion to dismiss is **GRANTED**. The court grants Plaintiff leave to amend his complaint (ECF No. 21) within thirty (30) days for the limited purpose of curing the jurisdictional and factual deficiencies identified in this ruling.

## II.     BACKGROUND FACTS

WK is a Delaware corporation that provides legal publishing and web services. Am. Compl. ¶ 16, ECF No. 21. Plaintiff joined WK in 2018 as a Senior Product Marketing Manager for its Hartford office. *Id.* at ¶¶ 15, 29–30. Before accepting the position, Plaintiff negotiated a remote-work arrangement so that he could fulfill his responsibilities as a caretaker for his father, and other family members who reside in Illinois. *Id.* at ¶ 33. WK permitted Plaintiff to work remotely in Illinois, so long as he attended important meetings in-person at the Hartford office. *Id.* at ¶ 35.

Plaintiff alleges that after he began working at WK, he received a series of negative comments based on his sexual orientation as a gay man. Many of these comments came from Defendant Barry Ader, WK's Vice President of Product Management and Marketing. *Id.* at ¶ 18. Plaintiff alleges that Defendant Ader repeatedly chastised him for expressing his emotions. *Id.* at ¶¶ 40–46. For example, Defendant Ader stated to Plaintiff that "people like you need to get their emotions in check." *Id.* at ¶ 41. According to Plaintiff, Defendant Ader described Plaintiff's caregiver responsibilities as a "woman's job," and even questioned why a female could not perform Plaintiff's caregiving responsibilities for his family. *Id.* at ¶¶ 40, 46. Plaintiff claims that "[m]uch of Mr. Ader's comments throughout Plaintiff's tenancy [at WK,] surround masculinity." *Id.* at ¶ 46. Plaintiff also claims that Defendant Ader began excluding him from essential meetings. *Id.* at ¶ 65.

Plaintiff alleges that Defendants Lisa Weremeichik (Plaintiff's direct supervisor) and Karen Sekley D'Andrea (WK's head of marketing) also mocked and poked fun of Plaintiff's caretaking responsibilities and sexual orientation alongside Defendant Ader.  *Id.* at ¶ 47. Plaintiff eventually contacted WK's human resources department to report discrimination on the basis of sexual orientation.  *Id.* at ¶ 70.

In his Amended Complaint, Plaintiff alleges that WK internally escalated his HR report to Executive Vice President and General Manager Jonah Paransky in October 2018.  *Id.* at ¶ 73.  Plaintiff alleges that Defendant Paransky failed to follow up with Plaintiff after receiving this email.  *Id.*  Plaintiff contacted Defendant Paransky in a January 2019 email which outlined Plaintiff's concerns at the company.  *Id.* at ¶ 77; Def.'s Exhibit 3 to Mem. Law in support of Mot. To Dismiss. 2, ECF No. 34-3.  In response to Plaintiff's email, Defendant Paransky referred Plaintiff to the appropriate HR contact.  *Id.* at 1.  Plaintiff's Amended Complaint alleges that "Mr. Paransky is complicit by allowing such a pervasive culture to exist and not doing anything at all to stop the culture of discrimination based on sexual orientation and disability."  Am. Compl. ¶ 94.  In his opposition to Defendant Paransky's pending motion to dismiss, Plaintiff further "alleges that essentially Defendant Paransky purposefully failed to act in response to his emails in order to exact emotional distress on Plaintiff.  Pl.'s Opp. at 11, ECF No. 39.

The Amended Complaint states three causes of action against Defendant Paransky: intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress, and prima facie tort.  Am. Compl. at Eighth Cause of Action; Ninth Cause of Action; Tenth Cause of Action.  However, Plaintiff does not oppose Defendant Paransky's motion to dismiss with respect to Count Nine (negligent infliction of emotional

3

distress) and Count Ten (prima facie tort) of the Amended Complaint. Pl.'s Opp. at 1 n.3, ECF No. 39.  The court therefore dismisses Count Nine and Count Ten with respect to Defendant Paransky, and will evaluate only the issue of personal jurisdiction and whether the Amended Complaint sufficiently states an IIED claim.

## III.   DISCUSSION

### A.   PERSONAL JURISDICTION

Defendant Paransky is a Texas resident and an executive of WK.  He oversees global strategy for WK, which requires occasional visits to WK offices around the world, including its Hartford office.  Defendant Paransky has moved to dismiss the claim against him for lack of personal jurisdiction.

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). District courts are afforded "considerable procedural leeway" in the method used to resolve the issue of jurisdiction. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).  Where a court relies on pleadings and affidavits, "the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).  "[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor notwithstanding a controverting presentation by the moving party." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 80 (2d Cir. 1993).

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional

limitations of due process." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also* Fed. R. Civ. P. 4(k)(1). Thus, courts must engage in a two-step inquiry. *Chloe v. Queen Bee of Beverly Hills*, *LLC*, 616 F.3d 158, 163 (2d Cir. 2010). First, the court determines whether the forum state's long-arm statute confers jurisdiction over the defendant. *Id.* Second, if jurisdiction is permissible under the state's statute, the court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the Constitution. *Id.*

### i. Connecticut's Long-Arm Statute § 52-59b

Plaintiff argues that Defendant Paransky is subject to the court's personal jurisdiction under Connecticut's long-arm statute because Defendant Paransky transacts business within the state, and because he committed a tort outside of the state causing injury within the state. Connecticut's long-arm statute provides, in pertinent part:

> "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent who: (1) **Transacts any business within the state**; . . . [or] (3) **commits a tortious act outside the state causing injury to person or property within the state** . . . if such person or agent (A) regularly does or solicits business . . . or derives substantial revenue from goods used or consumed or services rendered, in the state . . . ." Conn. Gen. Stat. § 52-59b(a)(1), (3).

Plaintiff's allegations are insufficient to establish that Defendant Paransky transacted business in Connecticut within the meaning of the long-arm statute. Courts have interpreted the phrase "transacts any business" to require not only a showing of "purposeful" business activity, but also a showing that the claim "arises out of" the defendant's transaction of business. *See Ryan v. Cerullo*, 282 Conn. 109, 121, 918 A.2d 867, 875 (2007) (noting that the "transacts any business" provision of the long-arm statute

5

has *two* requirements: (1) the transaction of business activity within the state and (2) that the plaintiff's cause of action arises from such activity). "A claim 'arises out of' a defendant's transaction of business when there exists a substantial nexus between the business transacted and the cause of action sued upon." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 31 (2d Cir. 1996) (internal citations omitted) (interpreting N.Y. Civ. Prac. L. & R. § 302(a), upon which the Connecticut long-arm statute was modeled); *see also Success Sys., Inc. v. Lynn*, No. 3:06-CV-1117 RNC, 2013 WL 810540, at *2 (D. Conn. Mar. 5, 2013) (noting that for personal jurisdiction to attach under § 52–59b(a)(1), the plaintiff must "allege a cause of action arising from the defendant's transaction of business in this state") (quoting Lego *A/S v. Best–Lock Const. Toys, Inc.*, 3:11CV1586 CSH, 2012 WL 3573905 at *10 (D. Conn. 2012)).

Plaintiff states that Defendant Paransky "visited Connecticut several times a year" for quarterly meetings and "sought and obtained significant business for WK in Connecticut, from Connecticut companies." Pl.'s Opp. to Mot. to Dismiss. 6, ECF No. 39. Specifically, he alleges that Defendant Paransky negotiated contracts for WK with Connecticut insurance companies. Pl.'s Aff. ¶¶ 9-11, ECF No. 39-2. Defendant Paransky denies negotiating any such contracts. Def.'s Aff. ¶¶ 5–6. Even if the court assumes that the alleged Connecticut activity is true, Plaintiff has not demonstrated that his emotional distress claim arises from Defendant Paransky's quarterly meetings or his negotiations with the alleged Connecticut insurance companies. Instead, Plaintiff's Amended Complaint accuses Defendant Paransky of "not doing anything at all to stop the culture of discrimination based on sexual orientation and disability." Am. Compl. ¶ 94, ECF No. 21. "Plaintiff alleges that essentially Defendant Paransky purposefully failed to act in

response to his emails in order to exact emotional distress on him." Pl.'s Opp. 11, ECF No. 39. These allegations are entirely unrelated to Defendant Paransky's alleged insurance company negotiations or even his quarterly meetings. Therefore, after viewing the pleadings and affidavits in Plaintiff's favor, the court finds that there is no "substantial nexus between the business transacted and the cause of action sued upon." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 31 (2d Cir. 1996).

Moreover, Plaintiff has not alleged any facts that would tie his email exchange to Defendant's Connecticut-based business activity. Plaintiff's email to Defendant Paransky in January 2019 involves Plaintiff's concerns about the workplace, but Defendant Paransky's business activity in Connecticut allegedly involves the negotiation of insurance contracts. While courts have found email exchanges to constitute "transacting business" when the exchange is part of a series of contacts with the state that themselves involve a business-related transaction—*see Vertrue Inc. v. Meshkin,* 429 F. Supp. 2d 479, 491 (D. Conn. 2006) (finding that numerous emails, phone conversations, and faxes over an extended period of time for the purpose of entering into and carrying out an agreement with a Connecticut corporation qualified as "transacting business"); *Screen Tech, Inc. v. Carolina Precision Plastics*, LLC, No. 3:05CV975(SRU), 2006 WL 197360, at *2 (D. Conn. Jan. 25, 2006) (finding the "transacting business" prong satisfied where a non-resident negotiated the terms of a proposal with a Connecticut plaintiff by email and telephone)—Plaintiff's January 2019 email, outlining his frustration with the workplace, does not relate to any underlying Connecticut business transaction of Defendant Paransky. Simply reporting concerns about a Connecticut workplace to a non-resident defendant (who has no direct responsibility for overseeing such workplace) is insufficient

to constitute the transaction of business in Connecticut. The court cannot exercise jurisdiction over Defendant Paransky under the first prong of Connecticut's long-arm statute.

Plaintiff does, however, satisfy the long-arm statute under the third prong, for torts committed outside of Connecticut. *See* Conn. Gen. Stat. § 52-59b(a)(3). Plaintiff claims that Defendant intentionally inflicted emotional distress outside of Connecticut, causing injury to Plaintiff within Connecticut (where Plaintiff maintained a residence purely for work purposes). Pl.'s Opp. 7, ECF No. 39. Plaintiff also has demonstrated that Defendant Paransky "regularly does or solicits business" in Connecticut through his negotiations with insurance companies. Defendant Paransky, however, disputes these allegations in his competing affidavit. Regardless, even if the long-arm statute is satisfied, exercising jurisdiction over Defendant Paransky would not comport with constitutional due process.

### ii. Constitutional Due Process

Pursuant to the Due Process Clauses of the Fifth and Fourteenth Amendments, there are two components to the test for personal jurisdiction: the "minimum contacts" inquiry and the "reasonableness" inquiry. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)). "The minimum contacts inquiry requires that the court determine whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant." *Waldman*, 835 F.3d at 331. "The reasonableness inquiry requires the court to determine whether the assertion of personal jurisdiction over the defendant comports with 'traditional notions of fair play and substantial justice' under the circumstances of the particular case." *Id.*

When evaluating constitutional due process for the purposes of personal jurisdiction, a distinction is made between "specific" and "general" jurisdiction. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). "Specific jurisdiction exists where a forum exercises personal jurisdiction over a defendant 'in a suit arising out of or related to the defendant's contacts with the forum.'" *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). General jurisdiction, on the other hand, exists where the claim is brought against the defendant in their place of domicile. *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) (citing *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014)).

Neither specific jurisdiction nor general jurisdiction is present. For the reasons discussed at length above, Plaintiff's emotional distress claim does not arise out of Defendant Paransky's Connecticut visits. Therefore, the court does not have specific jurisdiction. General jurisdiction similarly is inapplicable. Plaintiff concedes that Defendant Paransky is a "non-resident of Connecticut." Pl.'s Opp. 4, ECF No. 39. Without a Connecticut domicile, the court does not have general jurisdiction over Defendant Paransky. The current factual allegations with respect to Defendant Paransky's Connecticut activity—which entirely is unrelated to Plaintiff's claim—cannot support the court's exercise of jurisdiction without implicating Defendant's constitutional due process. Accordingly, Defendant Paransky's motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction is **GRANTED**.

B. **Failure to State a Claim**

Defendant Paransky has moved to dismiss Plaintiff's claim of intentional infliction of emotional distress ("IIED") on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff argues that he has stated a cognizable claim of emotional distress given the "extreme and outrageous" nature of Defendant's conduct. The court disagrees. Out of Plaintiff's 173-paragraph Amended Complaint, only four paragraphs even reference Defendant Paransky—and none of them includes any facts demonstrative of the extreme and outrageous conduct required for an IIED claim.

To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court shall accept as true all factual allegations in the complaint and draw all reasonable inferences in a plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (concluding that *Twombly* pleading standard applies in "all civil actions").

Under Connecticut law, "in order for a plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause

10

of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Dotel v. Walmart Stores, Inc.*, 627 F. App'x 42, 43–44 (2d Cir. 2016) (quoting *Appleton v. Bd. of Educ. of the Town of Stonington*, 254 Conn. 205, 210, 757 A.2d 1059 (2000)).  "The question of whether the conduct alleged by plaintiff is sufficiently outrageous to support a claim for intentional infliction of emotional distress is, in the first instance, a question for the court . . . ." *Franco v. Yale Univ.*, 80 Fed. Appx. 707, 709 (2d Cir. 2003).

Plaintiff's Amended Complaint alleges that Defendant Paransky mishandled two email reports of workplace discrimination, one in October 2018 and one in January 2019. Am. Compl. ¶ 73, 77.  Specifically, Plaintiff alleges that Defendant Paransky "failed to follow up with Plaintiff" after the first email, and "referred [him] to Human Resources" after the second email.  This is not the type of extreme and outrageous conduct that exceeds all bounds of what is tolerated in a decent society. *See Franco*, 80 Fed. Appx. at 710 (citing *Petyan v. Ellis*, 200 Conn. 243, 510 A.2d 1337, 1338, 1342 (1986) (noting that "outrageous" conduct is that which exceeds "all bounds" usually tolerated by decent society)). Moreover, "there are no factual allegations that support the Complaint's conclusory allegations with respect to the defendant's intent to cause emotional distress or the causal relationship between the alleged conduct and the asserted distress." *Piao v. Russbach*, 517 F. App'x 34, 35 (2d Cir. 2013).  The mere four paragraphs of Plaintiff's Amended Complaint which reference Defendant Paransky fail to state a claim upon which relief can be granted.  Accordingly, Defendant's motion to dismiss under for failure to state a claim is **GRANTED**.

      Plaintiff has failed to establish the court's personal jurisdiction over Defendant and has failed to state a claim of relief for emotional distress.  The court hereby **<u>DISMISSES</u>** Defendant Paransky from the instant action.  However, the court will grant Plaintiff leave to amend his complaint within thirty (30) days from the date of this ruling for the limited purpose of pleading any additional facts that may cure the jurisdictional and legal deficiencies identified in this ruling with respect to asserting a plausible claim of intentional infliction of emotional distress against Jonah Paransky.

      **IT IS SO ORDERED.**

      */s/ Omar A. Williams*
      Omar A. Williams
      United States District Judge