UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
DUSTIN SURI,  :
 :
                           Plaintiff, : Case No. 3:20-cv-01694
 :
v. :
 :
WOLTERS KLUWER ELM :
SOLUTIONS, INC., BARRY ADER, : July 15, 2022
KAREN SEKLEY-D'ANDREA, and :
LISA WEREMEICHIK, :
 :
                         Defendants. :
 :
---------------------------------------------------------x

### DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO APPEAR FOR PSYCHIATRIC EXAMINATION AND FOR SANCTIONS AND/OR DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 37(a), (c), and (d) and Local Rule 37(a), (c), and (d), Defendants, Wolters Kluwer ELM Solutions, Inc., Barry Ader, Karen Sekley-D'Andrea, and Lisa Weremeichik ("Defendants"), by their counsel, Epstein Becker & Green, P.C., move to compel Plaintiff Dustin Suri ("Plaintiff") to appear for a forensic psychiatric examination by Defendants' expert witness and for sanctions and/or dismissal of the Plaintiff's Amended Complaint. The reasons for this Motion are as follows:

1. Based on Plaintiff's unexcused and continued refusal to appear for an examination by Defendants' expert, Plaintiff's Amended Complaint should be dismissed with prejudice. In the alternative, Plaintiff should be compelled to appear on the most recent date and time proposed or at another time that is agreeable to Defendants' expert witness and monetary sanctions should be assessed against Plaintiff in favor of Defendants in the form of attorneys' fees and costs and expert expenses incurred due to Plaintiff's dilatory behavior.

2. In his Amended Complaint, Plaintiff makes numerous allegations about his mental health before, during, and after, his employment with Defendant Wolters Kluwer ELM Solutions, Inc., and further alleges a variety of claims based on his allegations that Defendants caused him to suffer severe emotional distress.

3. From the entry of the first Scheduling Order in this case, the parties have contemplated that each party would have an expert psychiatric witness to address Plaintiff's allegations of emotional distress damages.

4. Plaintiff has retained his own expert forensic psychiatrist who has examined Plaintiff and given deposition testimony on Plaintiff's behalf. Clearly, Plaintiff has placed his mental health at issue and Defendants are entitled to have their own expert forensic psychiatrist examine Plaintiff.

5. Since approximately November 1, 2021, Defendants have sought to have their expert witness conduct a forensic psychiatric examination of the Plaintiff.

6. Defendants have attempted to work cooperatively with Plaintiff's counsel and have made several motions to extend the Court-ordered deadline to conduct an expert examination in order to accommodate the Plaintiff, and/or due to his lack of cooperation.

    a. On December 3, 2021, on consent of Plaintiff, Defendants filed a Motion for Extension of time to identify an expert and provide a report. The Court granted the Motion and therefore, the deadline was extended to February 11, 2022. However, even after the deadline was extended to accommodate Plaintiff, he still failed to cooperate in identifying a date.

    b. In mid-December 2021, Plaintiff suspended all depositions of the Defendants and initiated settlement discussions, which were ultimately unsuccessful.

Oral argument not requested<br>unless it would be of service to the Court

    c. On January 24, 2022 and February 4, 2022, Defendants' counsel e-mailed Plaintiff's counsel proposing dates for the scheduling of the Plaintiff's examination by Defendants' expert.

    d. Plaintiff's counsel at the time (Christopher Berlingieri, Esq.) advised Defendants' counsel that his client refused to appear on any of the dates proposed by Defendants and would not propose any alternative dates to Defendants.

    e. On February 8, 2022, Defendants made a second motion requesting an extension of time of its deadline to designate an expert witness. This Court granted the motion and extended the deadline to March 18, 2022. In granting the Motion, this Court also "*remind[ed] Plaintiff of his duty to be responsive to developments in the case that he initiated.*" (Docket Entry 59) (Emphasis added.)

7. On March 16, 2022, this Court entered an Order staying this action in order for Plaintiff to obtain new counsel, his third set of counsel in this case, and his fifth set of counsel since he started filing claims against the Defendants.

8. On May 2, 2022, new counsel appeared on behalf of Plaintiff and on May 3, 2022, this Court lifted the Stay.

9. On May 27, 2022, Plaintiff agreed to appear on June 23, 2022 for examination by Defendants' expert, Dr. Andrew Levin.

10. On June 14, 2022, Defendants' counsel e-mailed Plaintiff's counsel to confirm Plaintiff's attendance at the June 23, 2022 examination.

11. Having received no response, Defendants' counsel e-mailed Plaintiff's counsel again on June 17, 2022 to confirm Plaintiff's attendance at the June 23, 2022 examination. Plaintiff's

new counsel, Edward Tobin, Esq., called Defendants' counsel to report that Plaintiff had advised him that Plaintiff would not attend the scheduled examination.

12. On June 21, 2022, Defendants' counsel proposed June 30, 2022, as a date for Plaintiff's examination. Thereupon, Mr. Tobin replied by voicemail that Plaintiff would not make himself available until after July 15, 2022.

13. On July 1, 2022, Defendants' counsel proposed August 11, 2022 as a date for Plaintiff's examination, indicating that Defendants intended to file a motion to compel Plaintiff's appearance for his examination.

14. No response has been forthcoming.

15. Defendants have incurred substantial attorneys' fees and costs in making multiple motions to extend time to conduct the forensic psychiatric examination of the Plaintiff and to bring this Motion to Compel.

16. Defendants have incurred expenses in excess of $7,000 in having Dr. Levin review thousands of pages of medical records produced by the Plaintiff, as well as deposition and hearing transcripts, to prepare for Plaintiff's examination, only to have Plaintiff cancel the examination on short notice. Given the lapse of time, preparation work will need to be repeated in order for Dr. Levin to prepare for Plaintiff's examination.

17. Dr. Levin is an Assistant Clinical Professor at Columbia University, in addition to seeing patients in private practice, and as such, has a very busy schedule. Preparing for a forensic examination requires him to take time away from his teaching and patient obligations. Plaintiff's repeated delays and cancellation of a scheduled examination on short notice have had a negative impact on his teaching and patient obligations and may affect Defendants' ability to continue to retain his services.

Oral argument not requested<br>unless it would be of service to the Court

18. As detailed herein, undersigned counsel has attempted on numerous occasions to confer in good faith with Plaintiff's current counsel and his former counsel in order to resolve this issue without Court intervention. (See Ex. A, Declaration of Elizabeth S. Torkelsen, dated July 15, 2022.)

19. Based on Plaintiff's repeated non-compliance with Defendants' extensive efforts to cooperatively schedule his expert examination for nearly nine months; Plaintiff's repeated failure to comply with the various Scheduling Orders entered by this Court; and Plaintiff's apparent disregard for the Court's February 8, 2022, admonishment to cooperate in the lawsuit that Plaintiff initiated, Defendants request that an Order be entered dismissing Plaintiff's Amended Complaint with prejudice as a sanction for Plaintiff's repeated failures to comply with discovery; or in the alternative, compelling Plaintiff to appear for an expert forensic psychiatric examination on August 11, 2022, and awarding attorneys' fees and expert witness expenses to Defendants as a sanction for his non-cooperation and disregard of prior Scheduling Orders.

**WHEREFORE,** Defendants respectfully request that the Court enter an Order:

a. Dismissing Plaintiff's Amended Complaint with Prejudice for his repeated failure to cooperate in the scheduling of Defendants' expert examination of the Plaintiff in violation of the Scheduling Orders of this Court; or in the alternative,

b. Compelling the Plaintiff to Appear for a Forensic Psychiatric Examination by Dr. Andrew Levin on August 11, 2022, at 10:00 am at his office located at:

280 North Central Ave Suite 309
Hartsdale, NY 10530-1839;

Oral argument not requested
unless it would be of service to the Court

Or such other time as the Court shall Order that is agreeable to Defendants' expert; and

c. Awarding to Defendants the attorneys' fees and costs associated with making this Motion to Compel; and

d. Awarding to Defendants the expenses incurred by Defendants associated with Dr. Levin having to repeat preparation for the Plaintiff's examination because of Plaintiff's delays and non-cooperation;

e. Together with such other and further relief as this Court shall deem just and proper.

> Respectfully Submitted,
> **EPSTEIN BECKER & GREEN, P.C.**
> Attorneys for Defendants
> Wolters Kluwer ELM Solutions, Inc., Barry Ader, Karen Sekley-D'Andrea, and Lisa Weremeichik
>
> By: _/s/ Elizabeth S. Torkelsen_
> Elizabeth S. Torkelsen (ct15210)
> Carol J. Faherty (ct25219)
> One Landmark Square, Suite 1800
> Stamford, Connecticut 06901
> Telephone: (203) 326-7417
> Facsimile: (203) 326-7580
> Email: etorkelsen@ebglaw.com
> cfaherty@ebglaw.com

Oral argument not requested
unless it would be of service to the Court

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel and pro se parties of record, via electronic mail by operation of the Court's electronic filing system, or via electronic mail on those parties unable to accept electronic filing, including to:

Patrick A. Klingman (ct17813))
**KLINGMAN LAW, LLC**
280 Trumbull Street, Floor 21
Hartford, Connecticut 06103-3514
Telephone: (860) 256-6120
E-mail: pak@klingmanlaw.com

Marshall B. Bellovin *(pro hac vice)*
Edward M. Tobin *(pro hac vice)*
**BALLON STOLL, P.C.**
810 Seventh Avenue, Suite 405
New York, New York 10019
Telephone: (212) 575-7900
mbellovin@ballonstoll.com
etobin@ballonstoll.com

*Attorneys for Plaintiff, Dustin Suri*

/s/ *Elizabeth S. Torkelsen*
Elizabeth S. Torkelsen

Oral argument not requested
unless it would be of service to the Court